UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID T. SUMNER, IV,

Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

Defendant.

CASE NO. 3:19-CV-6072-BHS

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff David T. Sumner, IV, proceeding *pro se*, filed this action alleging violations of his constitutional rights. *See* Dkt. 1-1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim. The Court dismisses Plaintiff's Proposed Complaint without prejudice, re-notes the pending Application to Proceed IFP, and

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 1

provides Plaintiff leave to file an amended pleading by January 17, 2020, to cure the deficiencies identified herein.

## I. Background

Plaintiff alleges that, on October 1, 2019, when he was in the main room of the Longview, Washington post office, Defendant Glenn Blair, a postal employee, approached Plaintiff and asked Plaintiff to leave the post office because he had been there for too long. Dkt. 1-1. Plaintiff states he removed a posted sign of the rules from the wall to read. *Id*. Defendant Blair and another postal employee then called the police stating Plaintiff had vandalized the post office by removing the sign. *Id*. Plaintiff alleges that, when two unnamed police officers arrived, they did not allow Plaintiff to speak and falsely arrested Plaintiff on a malicious mischief charge. *Id*. Plaintiff contends Defendants violated his Fourth and Fourteenth Amendment rights.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. As stated above, the Court is required to liberally construe *pro se* documents. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS - 3

In the Proposed Complaint, Plaintiff asserts his constitutional rights were violated when he was: (1) denied due process; (2) discriminated against; and (3) illegally seized. Dkt. 1-1. Plaintiff describes limited facts regarding a situation that occurred in the Longview, Washington post office. Plaintiff does not explain how he was denied due process or discriminated against. *See* Dkt. 1-1. Further, he does not allege facts sufficient to show he was illegally seized in violation of the Fourth Amendment. *See id*. Plaintiff merely makes conclusory allegations that the actions taken by Defendant Blair, an unnamed postal employee, and unnamed police officers violated Plaintiff's constitutional rights.

In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show how the alleged acts violated his rights. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

The Court notes that to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A complaint alleging constitutional violations by federal officers in their individual capacity may be maintained under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir.1991); *see also Marks v. Gephardt*, 2007 WL 1795584, at *1 (W.D. Wash. June 19, 2007).

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court finds Plaintiff has failed to state a claim. Therefore, the Court dismisses Plaintiff's Proposed Complaint without prejudice. If Plaintiff intends to pursue to this action, he must file an amended complaint on or before January 17, 2020. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. If Plaintiff fails to file an amended complaint or otherwise respond, the undersigned will recommend that the Application to Proceed IFP be denied and that the case be closed.

If Plaintiff submits an adequate complaint, the Court will consider the Application to Proceed IFP. The Clerk is directed to re-note the Application to Proceed IFP (Dkt. 1) for consideration on January 17, 2020.

Dated this 17th day of December, 2019.

David W. Christel
United States Magistrate Judge